In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Opening and Extending of MIDTOWN HIGHWAY, in the Borough of Queens. PUBLIC MORTGAGE AND REAL ESTATE Co. INC., Appellant.— Appeal from so much of a sixth separate and partial final decree in condemnation proceedings, as awards $23,000 for appellant's property, Damage Parcel No. 210. Decree, insofar as appealed from, affirmed, with costs. No opinion. Wenzel, Acting P. J., MacCrate and Murphy, JJ., concur; Schmidt and Beldock, JJ., dissent and vote to modify the decree so as to increase the award to $27,000, with the following memorandum: In our opinion, the award was inadequate. At the time of the vesting of title, the damage parcel was subject to a lease which had about seven years to run. The rent required to be paid by the tenant under the lease averaged about $2,350 a year net. The evidence justifies a finding (in accordance with the testimony of one of the city's experts) that the fair rental value of the parcel is $1,200 a year and, capitalized at 6%, the value of the parcel is $20,000. The evidence justifies a further finding that the value of the expectancy of receiving the extra $1,150 a year in rent for the unexpired seven years of the lease is at least $5,000, and that the gas tanks are worth an additional $2,000.

■

In the Matter of JOHN J. McCLOSKEY, as Sheriff of the City of New York, Respondent. FREDERICK GRUTTEMEYER, Appellant; THERESE GRUTTEMEYER, Respondent.— Application by the Sheriff of the City of New York for an order pursuant to section 508 of the Correction Law, to transfer appellant from the Sheriff's New York County Civil Jail to the tuberculosis ward of Rikers Island Hospital or, in the alternative, for an order pursuant to section 775 of the Judiciary Law, to direct appellant's discharge from imprisonment if the court shall find that he is in such a state of health as to be unable to endure the imprisonment. Order granting the application to the extent of directing appellant's transfer to said hospital until he has sufficiently recovered from his illness to be safely returned to said jail reversed, without costs, and appellant discharged from custody. Under the circumstances of this case, the refusal to grant relief under section 775 of the Judiciary Law was an improvident exercise of discretion. In any event, the question is now academic for, in view of the decision in *Gruttemeyer* v. *Gruttemeyer* (*ante*, p. 1185), decided herewith, appellant is entitled to be released from custody. Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ., concur.